IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | |
| GARRY B. SMITH, ROBERT J. NELSON, JR., | § | |
| STEVEN M. RAY, OVERLAND ENERGY, INC., | § | |
| and ACORN ENERGY, INC., | § | |
| | § | Case No.:  4:10-cv-613 |
| Defendants, | § | |
| | § | |
| and | § | |
| | § | |
| TEGA OPERATING CO., | § | |
| | § | |
| Relief Defendant, | § | |
| Solely for the Purpose of Equitable Relief. | § | |
| | § | |

AGREED INTERLOCUTORY JUDGMENT
AS TO DEFENDANTS SMITH, NELSON, OVERLAND, AND ACORN
AND RELIEF DEFENDANT TEGA

This matter came before the Court on the Agreed Motion (Doc. No. 17) of Plaintiff Securities

Exchange Commission ("Commission"), Defendants Garry B. Smith ("Smith"), Robert J. Nelson, Jr.

("Nelson"), Acorn Energy, Inc. ("Acorn Energy"), and Overland Energy, Inc. ("Overland

Energy") (collectively, "Defendants"), and Relief Defendant Tega Operating Co. ("Tega" or

"Relief Defendant") for the Court to enter this Agreed Interlocutory Judgment against

Defendants and Relief Defendant.  Defendants and Relief Defendant have waived service of the

Summons and Complaint filed in the above captioned matter; have agreed for purposes of this

action only to the entry of this Agreed Interlocutory Judgment ("Agreed Judgment"), without

admitting or denying the allegations contained in the Complaint; have agreed that this Court has

jurisdiction over them and subject matter of this action; and have agreed to waive a hearing and the entry of findings of fact and conclusions of law.  Based on the pleadings and documents filed in this case and the agreement of the parties, the Court orders the following:

## I.

Defendants Acorn, Smith, and Nelson, and their agents, servants, employees, attorneys, and all other persons in active concert or participation with them, who receive actual notice of this Agreed Judgment, by personal service or otherwise, and each of them, be and hereby are permanently restrained and enjoined from violating Section 17(a) of the Securities Act [15 U.S.C. §77q(a)], directly or indirectly, in the offer or sale of a security, by making use of any means or instruments of transportation or communication in interstate commerce or by use of the mails:

> A.      to employ any device, scheme or artifice to defraud;
>
> B.      to obtain money or property by means of any untrue statement of a material fact or any omission to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; and/or
>
> C.      to engage in any transaction, practice or course of business which operates or would operate as a fraud or deceit upon any purchaser.

## II.

Defendants Smith and Nelson, and their agents, servants, employees, attorneys, and all other persons in active concert or participation with them, who receive actual notice of this Agreed Judgment, by personal service or otherwise, and each of them, be and hereby are permanently restrained and enjoined from violating Section violating Sections 5(a) and 5(c) of

the Securities Act [15 U.S.C. §§ 77e(a) and 77e(c)] directly or indirectly, in the absence of any

applicable exemption:

       (A)     Unless a registration statement is in effect as to a security, making use of

any means or instruments of transportation or communication in interstate commerce or

of the mails to sell such security through the use or medium of any prospectus or

otherwise; or

       (B)     Making use of any means or instruments of transportation or

communication in interstate commerce or of the mails to offer to sell or offer to buy

through the use or medium of any prospectus or otherwise any security, unless a

registration statement has been filed with the Commission as to such security, or while

the registration statement is the subject of a refusal order or stop order or (prior to the

effective date of the registration statement) any public proceeding or examination under

Section 8 of the Securities Act [15 U.S.C. § 77h].

### III.

Defendants Acorn, Smith, and Nelson, and their agents, servants, employees, attorneys,

and all other persons in active concert or participation with them, who receive actual notice of

this Agreed Judgment, by personal service or otherwise, and each of them, be and hereby are

permanently restrained and enjoined from violating Section 10(b) of the Exchange Act and Rule

10b-5 thereunder [15 U.S.C. §78j(b) and 17 C.F. R. §240.10b-5], directly or indirectly, in

connection with the purchase or sale of a security, by making use of any means or instrumentality of

interstate commerce, of the mails or of any facility of any national securities exchange:

       A.     to use or employ any manipulative or deceptive device or contrivance;

       B.     to employ any device, scheme or artifice to defraud;

C.      to make any untrue statement of a material fact or omit to state a material

fact necessary in order to make the statements made, in the light of the

circumstances under which they were made, not misleading; and/or

D.      to engage in any act, practice or course of business which operates or would

operate as a fraud or deceit upon any person.

## IV.

Defendants Smith and Nelson, their agents, servants, employees, attorneys-in-fact and all

other persons in active concert or participation with them who receive actual notice of this Agreed

Judgment by personal service or otherwise, and each of them, be and hereby are restrained and

enjoined from, directly or indirectly, engaging in the business of effecting transactions in securities

for his own account or the account of others, and while making use of the mails or any means or

instrumentality of interstate commerce, to effect transactions in, or to induce or attempt to induce

the purchase or sale of securities in the form of investment contracts, or any other security (other

than an exempted security or commercial paper, banker's acceptances or commercial bills), unless

and until he is registered with the Commission as a broker or dealer in accordance with Section

15(b) of the Exchange Act [15 U.S.C. § 78o(b)], or is otherwise exempt from registration pursuant

to Section 15(a) of the Exchange Act [ 15 U.S.C. § 78o(a)].

## V.

Upon motion of the Commission, the Court shall determine whether it is appropriate to

order disgorgement of ill-gotten gains, prejudgment interest thereon, and/or a civil penalty

pursuant to Section 20(d) of the Securities Act [15 U.S.C. § 77t(d)] and Section 21(d)(3) of the

Exchange Act [15 U.S.C. § 78u(d)(3)] and, if so, the amount of disgorgement and civil penalty.

Prejudgment interest shall be calculated from September 1, 2007, based on the rate of interest

used by the Internal Revenue Service for the underpayment of federal income tax as set forth in 26 U.S.C. § 6621(a)(2).  In connection with the Commission's motion, and at any hearing held on such a motion: (a) Defendant will be precluded from arguing that Defendant did not violate the federal securities laws as alleged in the Complaint; (b) Defendant may not challenge the validity of this Consent or the Agreed Judgment; (c) solely for the purposes of such motion, the allegations of the Complaint shall be accepted as and deemed true by the Court; and (d) the Court may determine the issues raised in the motion on the basis of affidavits, declarations, excerpts of sworn deposition or investigative testimony, and documentary evidence, without regard to the standards for summary judgment contained in Rule 56(c) of the Federal Rules of Civil Procedure.  In connection with the Commission's motion for disgorgement and/or civil penalties, the parties may take discovery, including discovery from appropriate non-parties.

## VI.

## <u>Modification of Asset Freeze</u>

IT IS FURTHER ORDERED that the Asset Freeze and Accounting provisions (including, without limitation, Section IV of the TRO and paragraphs 1 and 2 of Section IX of the TRO) (collectively, the "Asset Freeze") of the Court's November 9, 2010 Temporary Restraining Order, Freezing Assets, Requiring an Accounting, Requiring Preservation of Documents, Authorizing Expedited Discovery, and Granting Other Equitable Relief against Defendants  and Relief Defendant (the "TRO")  and the Court's November 22, 2010 Agreed Order Extending  Temporary Restraining Order, Modifying Asset Freeze and Postponing Hearing (the "Preliminary Injunction" and, together with the TRO and this Order, the "Orders"), is hereby modified as follows:

A.     All persons subject to the Asset Freeze may perform all activities as may be reasonably necessary to the filing of voluntary bankruptcy proceedings (seeking the appointment of a non debtor-in-possession trustee to administer the bankruptcy estate) by Overland Energy, Acorn Energy, and Tega (the "Companies") and for the preservation of the assets of the Companies including, without limitation, the following:

> (1)     the transfer of $33,000 from Wells Fargo Bank Account No. ending in 1846 (the "Revenue Account") to Wells Fargo Bank Account No. ending in 1250 (the "Operating Account");
>
> (2)     lifting the Asset Freeze as to the Operating Account and the Wells Fargo Bank Account ending in 2273 f/b/a Tega Revenue Suspense (the "Revenue Suspense Account"); and
>
> (3)     allowing or performing such additional transfers of funds from the Revenue Account to the Operating Account as may be reasonable and necessary to discharge duties in connection with the bankruptcy proceedings and/or to preserve the assets of the Companies.  Such funds are authorized solely for the purpose of facilitating the bankruptcy proceedings and preserving Company assets and may not be used for the direct or indirect personal benefit of Defendants Smith or Nelson.  A financial institution may rely upon the written direction of Tega to transfer funds from the Revenue Account to the Operating Account and need not seek further approval from this Court or the Commission.

The filing of bankruptcy proceedings by the Companies shall not constitute a violation of the Orders.

B.     The Asset Freeze shall cease to remain in effect as to all bank accounts and all assets in the name of, or for the benefit of, any one of the Companies upon the appointment of a non debtor-in-possession trustee in the bankruptcy filing of such Company.  The provisions of the Orders shall not apply to the non-debtor-in-possession bankruptcy trustees, their bankruptcy estates, and others working at the direction of, or as authorized by, the Trustee(s).

The Asset Freeze remains in effect for all other accounts at all other financial institutions pending further Order of this Court, including all accounts in the name of, or for the benefit of, Defendants Smith or Nelson, their officers, agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Order by personal service or otherwise, except as otherwise permitted by the provisions of this paragraph.

## VII.

The Consent is incorporated herein with the same force and effect as if fully set forth herein, and each Defendant shall comply with all of the undertakings and agreements set forth therein.

## VIII.

This Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Agreed Judgment.

## IX.

There being no just reason for delay, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, the Clerk is ordered to enter this Agreed Judgment forthwith and without further notice.

**It is SO ORDERED.**

**SIGNED this 28th day of December, 2010.**


_Michael Schneider_

MICHAEL H. SCHNEIDER
UNITED STATES DISTRICT JUDGE