IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | § |
| | § |
| Plaintiff, | § |
| | § |
| v. | § |
| | § |
| GARRY B. SMITH, ROBERT J. NELSON, JR., STEVEN M. RAY, OVERLAND ENERGY, INC., and ACORN ENERGY, INC., | § § § § |
| | § Case No.: 4:10-cv-613 |
| Defendants, | § |
| | § |
| and | § |
| | § |
| TEGA OPERATING CO., | § |
| | § |
| Relief Defendant, Solely for the Purpose of Equitable Relief. | § § |

## AGREED INTERLOCUTORY JUDGMENT
## AS TO DEFENDANT STEVEN M. RAY

This matter came before the Court on the Agreed Motion (Doc. No. 28) of Plaintiff Securities Exchange Commission ("Commission") and Defendant Steven M. Ray ("Ray" or "Defendant") for the Court to enter this Agreed Interlocutory Judgment against Defendant.  Defendant has waived service of the Summons and Complaint filed in the above captioned matter; has agreed for purposes of this action only to the entry of this Agreed Interlocutory Judgment ("Agreed Judgment"), without admitting or denying the allegations contained in the Complaint; has agreed that this Court has jurisdiction over him and subject matter of this action; and has agreed to waive a hearing and the entry of findings of fact and conclusions of law.  Based on the pleadings and documents filed in this case and the agreement of the parties, the Court orders the following:

I.

Defendant Ray, his agents, servants, employees, attorneys-in-fact and all other persons in active concert or participation with him who receives actual notice of this Agreed Judgment by personal service or otherwise, and each of them, be and hereby are restrained and enjoined from, directly or indirectly, engaging in the business of effecting transactions in securities for his own account or the account of others, and while making use of the mails or any means or instrumentality of interstate commerce, to effect transactions in, or to induce or attempt to induce the purchase or sale of securities in the form of investment contracts, or any other security (other than an exempted security or commercial paper, banker's acceptances or commercial bills), unless and until he is registered with the Commission as a broker or dealer in accordance with Section 15(b) of the Securities and Exchange Act of 1934 ("Exchange Act") [15 U.S.C. § 78o(b)], or is otherwise exempt from registration pursuant to Section 15(a) of the Exchange Act [ 15 U.S.C. § 78o(a)].

II.

Upon motion of the Commission, the Court shall determine whether it is appropriate to order disgorgement of ill-gotten gains, prejudgment interest thereon, and/or a civil penalty pursuant to Section 21(d)(3) of the Exchange Act [15 U.S.C. § 78u(d)(3)] and, if so, the amount of disgorgement and civil penalty.  Prejudgment interest shall be calculated from September 1, 2007, based on the rate of interest used by the Internal Revenue Service for the underpayment of federal income tax as set forth in 26 U.S.C. § 6621(a)(2).  In connection with the Commission's motion, and at any hearing held on such a motion: (a) Defendant will be precluded from arguing that Defendant did not violate the federal securities laws as alleged in the Complaint; (b) Defendant may not challenge the validity of this Consent or the Agreed Judgment; (c) solely for the purposes of such motion, the allegations of the Complaint shall be accepted as and deemed

true by the Court; and (d) the Court may determine the issues raised in the motion on the basis of affidavits, declarations, excerpts of sworn deposition or investigative testimony, and documentary evidence, without regard to the standards for summary judgment contained in Rule 56(c) of the Federal Rules of Civil Procedure. In connection with the Commission's motion for disgorgement and/or civil penalties, the parties may take discovery, including discovery from appropriate non-parties.

### III.

The Consent is incorporated herein with the same force and effect as if fully set forth herein, and Defendant shall comply with all of the undertakings and agreements set forth therein.

### IV.

This Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Agreed Judgment.

### V.

There being no just reason for delay, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, the Clerk is ordered to enter this Agreed Judgment forthwith and without further notice.

**It is SO ORDERED.**

SIGNED this 30th day of June, 2011.

_____
MICHAEL H. SCHNEIDER
UNITED STATES DISTRICT JUDGE